

**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

|  |  |
|---|---|
| *Connecticut Financial Center* | *(203) 821-3700* |
| *157 Church Street, 25th Floor* | *Fax (203) 773-5376* |
| *New Haven, Connecticut 06510* | *www.justice.gov/usao/ct* |

November 19, 2021

NOV 19 2021 PM5:02
FILED - USDC - BPT - CT

Carly Levenson, Esq.
Ashley Meskill, Esq.
Office of the Federal Defender
10 Columbus Blvd., Floor Six
Hartford, CT 06106-1976

      Re:    **United States v. Khatija Khan**
                  **Criminal No. 3:19CR314(SRU)**

Dear Asst. Fed. Defenders Levenson and Meskill:

      This letter confirms the plea agreement between your client, Khatija Khan (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") in this criminal matter.

**THE PLEAS AND OFFENSES**

      In consideration for the benefits offered under this agreement, the defendant agrees to plead guilty to Count One of the indictment charging Conspiracy to Commit Mail Fraud in violation of 18 U.S.C. § 1349 and Count Two charging Mail Fraud in violation of 18 U.S.C. § 1341.

      The defendant understands that, to be guilty of these offenses, the following essential elements must be satisfied:

<u>Count One – Conspiracy to Commit Mail Fraud in violation of 18 U.S.C. § 1349</u>

1. That on or about the dates charged in Count One of the indictment, a conspiracy existed to commit mail fraud; and

2. That the defendant knowingly and intentionally became a member of that conspiracy.

*Asst. Fed. Defenders Levenson and Meskill*
*November 19, 2021*
*Page 2*

Count Two – Mail Fraud

1. On or about the date charged in Count Two, there was a scheme or artifice to defraud or to obtain money or property by materially false and fraudulent pretenses, representations or promises, as alleged in the indictment;

2. The defendant knowingly and willfully participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud; and

3. In the execution of that scheme, the defendant used or caused the use of the mails or a private or commercial interstate carrier as specified in the indictment.

**THE PENALTIES**

Imprisonment

Both Counts One and Two carry a maximum penalty of 20 years of imprisonment.

Supervised Release

In addition, the Court may impose a term of supervised release of not more than three years to begin after any term of imprisonment. 18 U.S.C. § 3583.

The defendant understands that, should she violate any condition of supervised release, she may be required to serve a further term of imprisonment of up to two years per violation pursuant to 18 U.S.C. § 3583 with no credit for time already spent on supervised release.

Fine

Counts One and Two each carry a maximum fine of $250,000. The defendant is also subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $250,000.

Special Assessment

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on each count of conviction. The defendant agrees to pay the special assessment on or before the date of sentencing unless she establishes an inability to pay on or before the date of sentencing through the financial disclosure to the U.S. Probation Office as part of the

*Asst. Fed. Defenders Levenson and Meskill*
*November 19, 2021*
*Page 3*

presentence investigation and report, in which case the defendant agrees to pay it as soon as practicable.

### Restitution

In addition to the other penalties provided by law, the Court must also order that the defendant make restitution under 18 U.S.C. § 3663A, and the Government reserves its right to seek restitution on behalf of victims consistent with the provisions of § 3663A. The scope and effect of the order of restitution are set forth in the attached Rider Concerning Restitution. Restitution is payable immediately unless otherwise ordered by the Court.

Regardless of restitution that may be ordered by the Court noted above, the defendant agrees to make restitution at least in the amount of $326,212 to the victims identified in the Stipulation of Offense Conduct and Relevant Conduct and Appendix A to this plea agreement letter. The defendant, Khatija Khan, acknowledges that additional victims may come forward prior to sentencing due to her conduct, and if so, the Court may order her to make restitution to those additional victims. The defendant agrees to make such restitution in accordance with the schedule ordered by the Court.

### Interest, penalties and fines

Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or restitution not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C. § 3572(h), (i) and § 3612(g). Ms. Khan reserves her right to request that the Court waive interest and penalties as permitted by statute.

## THE SENTENCING GUIDELINES

### Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that he has no right to withdraw her guilty plea if her sentence or the Guideline application is other than she anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

### Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on

*Asst. Fed. Defenders Levenson and Meskill*
*November 19, 2021*
*Page 4*

the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, should the defendant qualify for a decrease under § 3E1.1(a) and her offense level determined prior to the operation of subsection (a) is level 16 or greater, the Government will file a motion with the Court pursuant to § 3E1.1(b) which recommends that the Court reduce the defendant's Adjusted Offense Level by one additional level based on her prompt notification of her intention to enter a plea of guilty. The defendant understands that the Court is not obligated to accept the Government's recommendations on the reductions.

The above-listed recommendations are conditioned upon the defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising the offense(s) of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 of the Sentencing Guidelines, and (2) disclosing to the United States Attorney's Office and the United States Probation Office a complete and truthful financial statement detailing the defendant's financial condition. The defendant expressly authorizes the United States Attorney's Office to obtain a credit report concerning the defendant.

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (§ 3E1.1 of the Sentencing Guidelines); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (§ 3C1.1 of the Sentencing Guidelines); or (3) constitute a violation of any condition of release. Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant seeks to withdraw her guilty plea or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility. The defendant understands that she may not withdraw her plea of guilty if, for the reasons explained above, the Government does not make one or both of the recommendations or seeks denial of the adjustment for acceptance of responsibility.

### Stipulation

Pursuant to § 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into the attached stipulation, which is a part of this plea agreement. The defendant understands that this stipulation does not set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing. The defendant understands that this stipulation is not binding on the Court. The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

### Guideline Stipulation

The parties agree as follows:

*Asst. Fed. Defenders Levenson and Meskill*
*November 19, 2021*
*Page 5*

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range.

Counts One and Two are grouped under U.S.S.G. § 3D1.2(d). The defendant's base offense level under U.S.S.G. § 2B1.1(a)(1) is 7. Twelve (12) levels are added under U.S.S.G. § 2B1.1(b)(1)(G) because the loss is more than $250,000 but less than $550,000. Six (6) additional levels are added under U.S.S.G. § 2B1.1(b)(2)(C) because the offense conduct resulted in substantial financial hardship to 25 or more victims. Four (4) additional levels are added under U.S.S.G. § 3A1.1(b)(1) and (b)(2) because the defendant knew, or should have known, that the victims of the offense conduct were vulnerable victims, and the offense conduct involved a large number of such vulnerable victims. Two (2) additional levels are added under U.S.S.G. § 3B1.3 for abuse of a position of trust in a manner that significantly facilitated the commission or concealment of the offense because she falsely represented herself as an immigration lawyer to her clients. Thus, the adjusted offense level is 31.

The parties agree that three (3) levels should be subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility as noted above, which yields a total offense level 28.

Based on an initial assessment, the parties agree that the defendant falls within Criminal History Category I. The parties reserve the right to recalculate the defendant's Criminal History Category and corresponding sentencing ranges if this initial assessment proves inaccurate.

A total offense level 28, assuming a Criminal History Category I, would result in a range of 78 to 97 months of imprisonment (sentencing table) and a fine range of $25,000 to $250,000, U.S.S.G. § 5E1.2(c)(3). The defendant is also subject to a supervised release term of one year to three years. U.S.S.G. § 5D1.2.

The Government and the defendant reserve their rights to seek a departure or a non-Guidelines sentence, and both sides reserve their right to object to a departure or a non-Guidelines sentence.

The defendant understands that the Court is not bound by this agreement on the Guideline ranges specified above. The defendant further understands that she will not be permitted to withdraw the guilty plea if the Court imposes a sentence outside any of the ranges set forth in this agreement.

In the event the United States Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the parties reserve the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

*Asst. Fed. Defenders Levenson and Meskill*
*November 19, 2021*
*Page 6*

### Information to the Court

Both parties reserve their rights to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

## WAIVER OF RIGHTS

The defendant acknowledges and agrees that she is knowingly, intelligently, and voluntarily waiving the following rights:

### Waiver of Trial Rights and Consequences of Guilty Plea

The defendant understands that she has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent her.

The defendant understands that she has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against her, the right not to be compelled to incriminate herself, the right to testify and present evidence, and the right to compel the attendance of witnesses to testify in her defense. The defendant understands that by pleading guilty she waives those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if she pleads guilty, the Court may ask her questions about each offense to which she pleads guilty, and if she answers those questions falsely under oath, on the record, and in the presence of counsel, her answers may later be used against her in a prosecution for perjury or making false statements.

### Waiver of Statute of Limitations

The defendant agrees that, should the conviction following defendant's guilty plea be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

*Asst. Fed. Defenders Levenson and Meskill*
*November 19, 2021*
*Page 7*

### Waiver of Right to Challenge Conviction

The defendant acknowledges that under certain circumstances she is entitled to challenge her conviction. By pleading guilty, the defendant waives her right to appeal or collaterally attack her conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. In addition to any other claims she might raise, the defendant waives her right to challenge her conviction based on (1) any non-jurisdictional defects in the proceedings before entry of this plea, (2) a claim that the statute(s) to which the defendant is pleading guilty is unconstitutional, and (3) a claim that the admitted conduct does not fall within the scope of the statute. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

### Appeal Rights Regarding Sentencing

The parties reserve their respective rights to appeal and to oppose each other's appeal of the sentence imposed as permitted by 18 U.S.C. § 3742.

### Waiver of Challenge to Plea Based on Immigration Consequences

The defendant understands that pleading guilty may have consequences with respect to her immigration status if she is not a citizen of the United States. Under federal law, non-citizens are subject to removal for a broad range of crimes, including the offenses in Counts One and Two to which the defendant is pleading guilty. Likewise, if the defendant is a naturalized citizen of the United States, pleading guilty may result in denaturalization and removal. Removal, denaturalization, and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including her attorney or the district court, can predict to a certainty the effect of her conviction on her immigration status. The defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that her plea may entail, even if the consequence is automatic removal from the United States.

The defendant understands that she is bound by her guilty plea regardless of the immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to her guilty plea and to her sentence based on those consequences, and agrees not to seek to withdraw her guilty plea, or to file a direct appeal or any kind of collateral attack challenging her guilty plea, conviction or sentence, based on the immigration consequences of her guilty plea, conviction or sentence. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in the appropriate forum.

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendant acknowledges that she is entering into this agreement and is pleading guilty freely and voluntarily because she is guilty. The defendant further acknowledges that she is entering into this agreement without reliance upon any discussions between the Government and her (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats,

*Asst. Fed. Defenders Levenson and Meskill*
*November 19, 2021*
*Page 8*

force, intimidation, or coercion of any kind. The defendant further acknowledges her understanding of the nature of the offense to which she is pleading guilty, including the penalties provided by law. The defendant also acknowledges her complete satisfaction with the representation and advice received from her undersigned attorney. The defendant and her undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

The defendant acknowledges that she is not a "prevailing party" within the meaning of Public Law 105-119, section 617 ("the Hyde Amendment") with respect to the count of conviction or any other count or charge that may be dismissed pursuant to this agreement. The defendant voluntarily, knowingly, and intelligently waives any rights she may have to seek attorney's fees and other litigation expenses under the Hyde Amendment.

## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to her with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving her.

## COLLATERAL CONSEQUENCES

The defendant understands that she will be adjudicated guilty of each offense to which he has pleaded guilty and will be deprived of certain rights, such as the right to hold public office, to serve on a jury, to possess firearms and ammunition, and in some states, the right to vote. Further, the defendant understands that if she is not a citizen of the United States, a plea of guilty may result in removal from the United States, denial of citizenship, and denial of admission to the United States in the future. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Federal Bureau of Prisons or the United States Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which she is licensed, or with which she does business, as well as any current or future employer of the fact of her conviction.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of her participation in conspiring to commit mail fraud and committing mail fraud, which form the basis of the indictment in this case. Further, the Government represents that, in consideration for Ms. Khan's instant federal guilty plea, the Manchester State's Attorney's Office in Connecticut has stated that it will nolle and/or dismiss with prejudice the pending state criminal charges arising out of

*Asst. Fed. Defenders Levenson and Meskill*
*November 19, 2021*
*Page 9*

the defendant's arrest by the Manchester Police Department on or about May 12, 2020, as contained in Docket No. H12M-CR20-0284229-S in the Connecticut Superior Court, Manchester GA 12, because that relevant conduct is included in Appendix A.

The defendant understands that if, before sentencing, she violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, the defendant will not be permitted to withdraw her guilty plea.

**NO OTHER PROMISES**

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

LEONARD C BOYLE
ACTING UNITED STATES ATTORNEY

HAROLD H. CHEN
ASSISTANT UNITED STATES ATTORNEY

The defendant certifies that she has read this plea agreement letter and its attachment(s) or has had it read or translated to her, that she has had ample time to discuss this agreement and its attachment(s) with counsel and that she fully understands and accepts its terms.

KHATIJA KHAN                                     11-19-21
The Defendant                                    Date

I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that she understands and accepts its terms.

CARLY LEVENSON, ESQ.                             11/19/21
ASHLEY MESKILL, ESQ.                             Date
Attorneys for the Defendant

*Asst. Fed. Defenders Levenson and Meskill*
*November 19, 2021*
*Page 10*

## STIPULATION OF OFFENSE CONDUCT AND RELEVANT CONDUCT

The defendant and the Government stipulate to the following offense conduct and relevant conduct that give rise to Khatija Khan's agreement to plead guilty to the indictment:

Since at least 2014, Khatija Khan and Babar Khan ("the Khans") were the directors of JLLAS CORP. and the co-owners of EIMAAN LLC. They used these two entities to recruit clients who sought immigration status, relief, or benefits in proceedings before United States Citizenship and Immigration Services ("USCIS"). The Khans told their clients that they could assist them. In particular, Khatija Khan stated that she was an attorney with a background in immigration matters, even though she was not an attorney. In making this representation to her clients, she abused a position of trust in a manner that significantly facilitated the commission and concealment of the offense. To obtain fees from their clients, the Khans filed petitions and applications with USCIS, even when these submissions lacked merit or a legitimate factual or legal basis.

Khatija Khan and Babar Khan prepared petitions and applications for clients, as listed in Appendix A, that contained information which the Khans knew to be false. Without their clients' knowledge, the Khans also agreed to fabricate false documents to support some claims made to USCIS. Despite knowing that these documents contained false information, both Khans mailed, and caused to be mailed, these documents to USCIS, where such documents were received and made part of the official Alien file corresponding to each respective client.

Khatija Khan would routinely misrepresent to clients the substance of the petitions and applications that she and Babar Khan filed with USCIS, as well as the chances of approval by USCIS. Their clients were mainly aliens from Latin American countries who resided in Connecticut and lacked legal immigration status. Most had limited education, a limited ability to communicate and comprehend English, and a minimal understanding of the petitions, applications, and documents that the Khans were filing (or claiming to file) on their behalf with USCIS. In certain cases, she took clients' money without ever filing any petitions or applications for them. Khatija Khan knew, or should have known, that these clients were vulnerable victims.

The Khans' clients worked primarily in low-wage hourly jobs, but still paid the substantial fees demanded by the Khans for their purported assistance. The Khans took and kept their clients' money, even though the Khans did not achieve the results that they had promised. In particular, Khatija Khan demanded additional payment from some clients, even when she or Babar Khan performed no additional work on their behalf. Khatija Khan knew that these financial losses constituted a substantial financial hardship to the victims listed in Appendix A.

After being arrested in late December 2019 for the instant case, Khatija Khan continued committing relevant conduct in 2020 and 2021 by defrauding additional vulnerable victims as noted in Appendix A.

*Asst. Fed. Defenders Levenson and Meskill*
*November 19, 2021*
*Page 11*

With respect to Count Two, on or about September 4, 2015, Khatija Khan knowingly caused to be delivered to USCIS by mail a fabricated employment verification letter in support of a client's Form I-821D regarding an application for the Consideration of Deferred Action for Childhood Arrivals ("DACA"), as part of the scheme to defraud charged in the indictment.

This written stipulation and Appendix A are part of the plea agreement. The defendant and the Government reserve their right to present additional offense conduct and relevant conduct to the Court in connection with sentencing.

_____
KHATIJA KHAN
The Defendant

_____
HAROLD H. CHEN
ASSISTANT UNITED STATES ATTORNEY

_____
CARLY LEVENSON, ESQ.
ASHLEY MESKILL, ESQ
Attorneys for the Defendant

*Asst. Fed. Defenders Levenson and Meskill*
*November 19, 2021*
*Page 12*

## APPENDIX A

| YEAR | VICTIM NAME (INITIALS) | TOTAL LOSS |
|---|---|---|
| 2015, 2016 | Wm.H.L. | $4,400 |
| 2015, 2016 | O.H.L. | $4,010 |
| 2015, 2016 | Wb.H.L. | $3,550 |
| 2015, 2016 | J.O.P. | $4,200 |
| 2014-2016 | C.M. | $14,776 |
| 2015, 2016 | J.M.V. | $5,500 |
| 2016, 2017 | S.A. | $7,900 |
| 2015, 2016 | P.G.C. | $3,500 |
| 2017 | D.Q. | $1,785 |
| 2015, 2016 | I.Y.M.M. | $2,000 |
| 2015 | B.M.H.M. | $6,000 |
| 2015 | M.S.H.M. | $7,500 |
| 2016 | A.D.R.A. and P.V. | $2,185 |
| 2015, 2016 | M.R.G.V. and V.H.G. | $10,000 |
| 2015 | R.L.F. and D.P. | $10,760 |
| 2017-2019 | R.A.M. and L.F. | $14,395 |
| 2016 | S.O.M. | $5,000 |
| 2015-2019 | H.S. | $11,000 |
| 2015 | N.O. and L.A.G.A. | $5,006 |
| 2014 | G.D. and A.L. | $13,980 |
| 2015 | F.G.A. | $4,745 |
| 2016, 2017 | B.V. | $5,000 |
| 2018, 2020 | R.P. | $11,375 |
| 2015, 2016 | I.B.R. | $9,000 |
| 2016 | A.M.M.V. | $6,500 |
| 2018, 2019 | M.V.P.N. | $24,860 |
| 2015 | F.E.M.R. | $2,080 |
| 2018 | S.R.A.I. | $4,500 |
| 2018 | E.T.H. | $5,545 |
| 2018, 2019 | P.J.U.A. | $5,570 |
| 2019, 2020 | B.J.A.R. | $15,200 |
| 2013, 2015, 2016 | S.R.C. | $10,500 |
| 2018 | R.L. and M.L. | $3,600 |
| 2018 | J.M.V. | $7,625 |
| 2016 | K.E.C. | $4,500 |
| 2019 | E.B.M. and P.M.R.S. | $13,000 |
| 2020, 2021 | K.M. | $7,400 |
| 2018, 2019 | E.F.C.P. | $12,500 |

*Asst. Fed. Defenders Levenson and Meskill*
*November 19, 2021*
*Page 13*

| YEAR | VICTIM NAME (INITIALS) | TOTAL LOSS |
|---|---|---|
| 2019, 2020 | L.M.V.S. | $9,195 |
| 2020 | F.Y.R. | $3,000 |
| 2015 | R.C.A. | $6,075 |
| 2018-2021 | D.G. | $9,825 |
| 2018-2020 | R.H. | $7,170 |
|  | **Total:** | **$326,212** |

*Asst. Fed. Defenders Levenson and Meskill*
*November 19, 2021*
*Page 14*

## **RIDER CONCERNING RESTITUTION**

The Court shall order that the defendant make restitution under 18 U.S.C. § 3663A as follows:

1. If the offense resulted in damage to or loss or destruction of property of a victim of the offense:

   A. Return the property to the owner of the property or someone designated by the owner; or

   B. If return of the property is impossible, impracticable, or inadequate, pay an amount equal to:

   The greater of -
   (I) the value of the property on the date of the damage, loss, or destruction; or

   (II) the value of the property on the date of sentencing, less the value as of the date the property is returned.

2. In the case of an offense resulting in bodily injury to a victim –

   A. Pay an amount equal to the costs of necessary medical and related professional services and devices related to physical, psychiatric, and psychological care; including non-medical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;

   B. Pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and

   C. Reimburse the victim for income lost by such victim as a result of such offense;

3. In the case of an offense resulting in bodily injury that results in the death of the victim, pay an amount equal to the cost of necessary funeral and related services; and

4. In any case, reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.

The order of restitution has the effect of a civil judgment against the defendant. In addition to the Court-ordered restitution, the Court may order that the conditions of its order of restitution be made a condition of probation or supervised release. Failure to make restitution as ordered may result in a revocation of probation, 18 U.S.C. § 3565, or a modification of the conditions of supervised release, 18 U.S.C. § 3583(e). Failure to pay restitution may also result in the defendant being held in contempt, or the defendant's re-sentencing to any sentence which might originally have been imposed by the Court. *See* 18 U.S.C. §§ 3613A, 3614. The Court

*Asst. Fed. Defenders Levenson and Meskill*
*November 19, 2021*
*Page 15*

may also order that the defendant give notice to any victims of her offense under 18 U.S.C. § 3555.