UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES<br><br>v.<br><br>KHATIJA KHAN | No. 3:19-cr-314 (SRU) |

## STATUS CONFERENCE MEMORANDUM AND ORDER

On January 3, 2023, I held a telephonic status conference on the record with Harold Chen, counsel for the government, and Jonathan Einhorn, counsel for the defendant Khatija Khan. The purpose of the call was to discuss the scope of the upcoming restitution hearing scheduled for January 11, 2023. In advance of the conference, the government filed a memorandum regarding the restitution hearing. *See* Doc. No. 138. The defendant also filed two motions, a second motion to continue Khatija Khan's surrender date, and a motion for leave to contest restitution. *See* Doc. No. 139; Doc. No. 140.

First, we discussed whether this Court has jurisdiction to proceed with the restitution hearing given that Khatija Khan has filed a notice of appeal. *See* Doc. No. 117. On September 8, 2022, doc. no. 119, this Court ordered that Khatija Khan pay "restitution of an amount not less than $326,212," the exact amount of which was to be determined after the filing of a restitution order. When an appeal is pending, a District Court cannot substantively modify its judgments in a way that infringes on the jurisdiction of the Circuit Court. *See United States v. Rodgers*, 101 F. 3d 247, 251 (2d Cir. 1996); *United States v. Ransom*, 866 F. 2d 574, 575-76 (2d Cir. 1989). However, this Court's September 8th judgment did not include a *final* restitution order—it only included a minimum restitution amount and instruction for later determination of the exact amount of restitution. *See* Doc. No. 119. Thus, this Court retains jurisdiction to issue a final

order on restitution, including ordering an amount of restitution that may differ from this Court's initial judgment. *See id*.

I also informed the parties that, notwithstanding this Court's jurisdiction regarding restitution, at this time I do not intend to revisit the $362,212 minimum restitution amount. I informed the parties that the restitution amounts for Khatija Khan and her co-defendant Babar Khan need not be identical so long as the differences are supported by fact. To the extent that either party later seeks to challenge any restitution amount I order, they may do so by appealing the final restitution order that pertains to them. Accordingly, I **denied** Khatija Khan's motion for leave to contest restitution to the extent that the motion challenges the minimum $326,212 amount previously agreed upon; and I **granted** the defendant's motion to the extent that Khatija Khan intends to contest any additional amount of restitution at the upcoming restitution hearing.

Next, we discussed Khatija Khan's second motion to continue her surrender date. *See* Doc. No. 139. Because the pendency of Babar Khan's case does not impact the issue of Khatija Khan's surrender date, I **denied** the defendant's second motion to continue Khatija Khan's surrender date.

At the conclusion of the status conference, the parties provided a preview of the issues to be raised at the restitution hearing. Defense counsel raised a question regarding whether any benefits a fraud victim receives may be subtracted from the calculation of the restitution amount. I suggested that defense counsel supply legal support for such a deduction should he seek to advance a similar argument at the restitution hearing.

IT IS SO ORDERED.

Dated at Bridgeport, Connecticut, this 6th day of January 2023.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge