**MANDATE**

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of June, two thousand twenty-four.

PRESENT:
    **GERARD E. LYNCH,**
    **SUSAN L. CARNEY,**
    **MICHAEL H. PARK,**
        *Circuit Judges.*

---

**United States of America,**

    *Appellee,*

v.                                                22-1969 & 23-6438

**Khatija Khan,**

    *Defendant-Appellant.*[*]

---

| | |
|---|---|
| FOR APPELLEE: | Harold H. Chen, Sandra S. Glover, Assistant United States Attorneys, *for* Vanessa Roberts Avery, United States Attorney for the District of Connecticut. |
| FOR DEFENDANT-APPELLANT: | Bobbi C. Sternheim, Law Offices of Bobbi C. Sternheim, New York, NY (in No. 22-1969); Jonathan J. Einhorn, Jonathan J. Einhorn Law Offices, New Haven, CT (in No. 23-6438). |

---

[*] The Clerk is directed to update the caption accordingly.

1   Appeals from a judgment and final restitution order of the United States District Court for
2   the District of Connecticut (Underhill, *J.*).
3   **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND**
4   **DECREED** that the judgment of the district court is **AFFIRMED** as modified and the final order
5   of restitution is **AFFIRMED**.
6   Together with her husband and codefendant, Defendant-Appellant Khatija Khan posed as
7   an immigration attorney to defraud low-income immigrants with the promise of immigration
8   assistance. Khan pleaded guilty to an indictment charging her with mail fraud and conspiracy to
9   commit mail fraud, in violation of 18 U.S.C. §§ 1341, 1349. The district court sentenced Khan to
10  a below-Guidelines sentence of 60 months' imprisonment, 3 years of supervised release, and
11  restitution of not less than $326,212, with the final sum to be determined at a later hearing. At that
12  later hearing and without objection, the district court considered documentary evidence submitted
13  by the government and heard testimony from one of the victims and from Khan. After considering
14  the evidence and arguments, the district court entered a final order that Khan make restitution of
15  $367,743.75. In Appeal No. 22-1969, Khan appeals from her judgment of conviction and
16  sentence. In Appeal No. 23-6438, Khan is represented by different counsel and appeals from the
17  final order of restitution. We assume the parties' familiarity with the underlying facts, the
18  procedural history, and the issues on appeal.
19  As to the restitution order appealed in No. 23-6438, Khan raises three meritless challenges
20  to the district court's final restitution order. First, Khan argues that the government failed to prove
21  by a preponderance of the evidence that six additional victims who came forward after her guilty
22  plea suffered the losses the government claimed. But the government offered documentary proof
23  in the form of cancelled checks and money orders payable to Khan from the victims, as well as the

2

live testimony of one of the victims.  Khan never objected to the admissibility of the documents or challenged their veracity and authenticity.  The district court's restitution calculations were therefore supported by a preponderance of the evidence.[2]

Second, Khan argues that the restitution order violates the Excessive Fines Clause of the Eighth Amendment.  Khan did not make this argument below, so we review for plain error.  Fed. R. Crim. P. 52(b).  To prevail on plain-error review, Khan must show an error that is clear or obvious.  *United States v. Osuba*, 67 F.4th 56, 65 (2d Cir. 2023).  She fails to do so because there is no binding precedent holding that the Excessive Fines Clause applies to orders of restitution.

Third, Khan argues—also for the first time on appeal—that a jury had to find beyond a reasonable doubt that she had caused the victims' losses in the amounts the government claimed.  She points to *Southern Union v. United States*, 567 U.S. 343 (2012), which held that facts that subject a defendant to a higher maximum possible fine must be proven to a jury beyond a reasonable doubt.  *Id*. at 356; *cf. Apprendi v. New Jersey*, 530 U.S. 466 (2000).  But we have held that "judicial factfinding to determine the appropriate amount of restitution under a statute that does not prescribe a maximum does not implicate a defendant's Sixth Amendment rights." *United States v. Bengis*, 783 F.3d 407, 413 (2d Cir. 2015).[3]

---

[2] By failing to raise the arguments on appeal, Khan has abandoned any challenge to either the district court's conclusion that she bore the burden of proving entitlement to any credit for sums spent for the victims' benefit or the district court's calculation of the credits to which she was entitled.

[3] Every circuit to have considered the question with the benefit of *Southern Union* has agreed.  *See United States v. Vega-Martinez*, 949 F.3d 43, 55 (1st Cir. 2020); *United States v. Day*, 700 F.3d 713, 732 (4th Cir. 2012); *United States v. Rosbottom*, 763 F.3d 408, 420 (5th Cir. 2014); *United States v. Sawyer*, 825 F.3d 287, 297 (6th Cir. 2016); *United States v. Wolfe*, 701 F.3d 1206, 1216-17 (7th Cir. 2012); *United States v. Thunderhawk*, 799 F.3d 1203, 1209 (8th Cir. 2015); *United States v. Green*, 722 F.3d 1146, 1149-50 (9th Cir. 2013); *United States v. Kieffer*, 596 F. App'x 653, 663-64 (10th Cir. 2014); *United States v. Kachkar*, No. 19-12685, 2022 WL 2704358, at *10 (11th Cir. July 12, 2022).

1     We turn next to Appeal No. 22-1969.  Khan's counsel in this appeal has moved to be
2 discharged, arguing that there are no nonfrivolous issues that could be raised in an appeal from
3 Khan's conviction and sentence.  *See Anders v. California*, 386 U.S. 738 (1967).  Khan has not
4 responded.  The government has moved for summary affirmance.

5     We agree with counsel's assessment and grant the *Anders* motion with two caveats.  First,
6 as discussed above, we have considered and rejected Khan's arguments challenging the district
7 court's final restitution order, so we deny the motion insofar as it relates to the restitution Khan
8 must make.  Second, the district court said at sentencing that it was imposing the "standard
9 conditions of supervised release set forth at Guideline Section 5D1.3(c)."  A:107.  But we have
10 invalidated the "risk" condition found at § 5D1.3(c)(12).  *See United States v. Boles*, 914 F.3d 95,
11 111 (2d Cir. 2019).  Nonetheless, a remand is unnecessary here.  The District of Connecticut does
12 not regularly impose the risk condition, and the district court's written judgment omits it.  In our
13 discretion, *see* 28 U.S.C. § 2106, we modify the district court's oral judgment to conform to its
14 written judgment that Khan is not subject to § 5D1.3(c)(12).  *See* A:36-37.

15     We have considered all of Khan's remaining arguments and find them to lack merit.
16 Accordingly, we **AFFIRM** the district court's final order of restitution and **AFFIRM** the judgment
17 as modified.  The *Anders* motion in Appeal No. 22-1969 is **GRANTED**, and the government's
18 motion for summary affirmance is **DENIED** as moot.

19                FOR THE COURT:
20                Catherine O'Hagan Wolfe, Clerk of Court
21

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

4